UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH RAWLINS, <br><br> Plaintiff, <br><br> v. <br><br> DON MARLOW, et al., <br><br> Defendant. | CASE NO. C19-466-TSZ-BAT <br><br> **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

Plaintiff, a detainee at the Skagit County Justice Center, filed a 42 U.S.C. § 1983 civil rights action alleging a violation of the Eighth Amendment. On May 23, 2019, plaintiff filed a motion for appointment of counsel. Dkt. 12. The Court **DENIES** the motion without prejudice.

There is generally no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine if "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

Plaintiff argues the Court should appoint counsel because he cannot afford to hire counsel, his detention "in segregation" limits his ability to litigate, the jail has an inadequate law library, he lacks funds for legal supplies, he lacks the ability to investigate his case, he expects that it will be difficult to obtain discovery and counsel could better litigate the case. Dkt. 12.

The Court has reviewed the record and concludes plaintiff has not established there are "exceptional circumstances" to support his request for appointment of counsel. The complaint herein, plaintiff's prior requests for legal materials, and the instant motion demonstrate his ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. Plaintiff's complaints regarding limited access to the law library, segregation, and limited knowledge of the law are not exceptional circumstances as he fails to show how this places him in a position any different from other *pro se* prisoner plaintiffs. In addition, this is not a complex case involving complex facts or law. The complaint alleges plaintiff is housed in a jail that lacks hot water for showers; there is sewage seeping into the prisoner's day room, the toilets are plugged, cannot be flushed, and overflow, and there is insect infestation due to the jail's unsanitary condition. Appointment of counsel is thus not presently justified, and the Court **DENIES** the motion (Dkt. 12) without prejudice. The Clerk shall provide a copy of this Order to plaintiff and counsel for defendants

DATED this 24th day of May, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge