1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  KEITH RAWLINS,

9                              Plaintiff,                CASE NO. 2:19-cv-00466-TSZ-BAT

10          v.                                           **REPORT AND
                                                         RECOMMENDATION REGARDNG
11  DON MARLOW ET AL.,                                   DEFENDANT KWANT**

12                              Defendant.

13          Defendant Skagit County Corrections Officer Martin Kwant filed a motion for summary

14  judgment on March 13, 2020 seeking dismissal of all claims against him. Dkt. 47. Defendant's

15  motion was noted for April 10, 2020 and is accordingly ripe for the Court's consideration. In this

16  case, plaintiff alleges defendant Kwant violated his rights by serving him a disciplinary sanction

17  without affording him a hearing to contest the sanction. Defendant contends summary judgment

18  should be granted because (1) plaintiff waived his right to a hearing by indicating he was

19  accepting the sanction and defendant thus did not improperly deny plaintiff a hearing; (2)

20  plaintiff never grieved the lack of a disciplinary hearing and thus did not exhaust his

21  administrative remedies and (3) defendant is protected by the qualified immunity doctrine.

22  Plaintiff has not responded to defendant's motion.

23

REPORT AND RECOMMENDATION
REGARDNG DEFENDANT KWANT - 1

As discussed below, because plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit, the undersigned recommends dismissing his without prejudice. The Court need not address defendant's additional grounds for dismissal on the merits. *See Albino v. Baca*, 737 F.3d 1162, 1171 (9th Cir. 2014) (If feasible, exhaustion should be decided before reaching the merits of a claim).

## BACKGROUND

**A.    The Amended Complaint and Defendant Kwant's Assertions on Summary Judgment**

Plaintiff filed a complaint and amended complaint naming numerous defendants. However, all defendants that plaintiff named in his initial and amended complaints were dismissed from this action by the Honorable Thomas S. Zilly in September 2019, except for defendant Kwant and plaintiff's claim this defendant violated his right to a disciplinary hearing. Dkt. 33. In the amended complaint, plaintiff describes the claim as follows:

> Kwant issued a Disciplinary to Mr. Hansen and I stating that we were being charged with intentionally or recklessly damaging county property for a toilet in our cell. Being plugged. A hearing was requested but never provided and two days disciplinary was requested without any reply from any hearing officer grievances were filed with no reply. I feel that my right to due process was violated by C.O. Kwant and I have C.O Shakra was my witness.

Dkt. 18 at 8.

Defendant Kwant does not dispute plaintiff was disciplined over a clogged toilet in his cell. Dkt. 47 at 3. However, relying on evidence presented in an earlier motion to dismiss defendant Kwant contends following a search of plaintiff's cell on June 11, 2018, jail staff discovered a "sharpened spork," pruno and nearly 20 apples in the toilet of plaintiff's cell. Dkt. 14-2 at 43. Plaintiff was sanctioned with 12 days of lockdown. *Id.* On June 24, 2018, the toilet in plaintiff's cell overflowed. Dkt. 15-2. The repair crew discovered it overflowed because milk

REPORT AND RECOMMENDATION
REGARDNG DEFENDANT KWANT - 2

1   cartons had clogged the toilet. *Id.* On June 28, 2019, Deputy Treadway issued a notice of

2   infraction and disciplinary action to plaintiff for intentionally and recklessly damaging county

3   property, referencing how plaintiff's toilet overflowed because milk cartons had been placed in

4   the toilet. Dkt. 14-2 at 25-8. A disciplinary sanction of 48 hours was issued and defendant Kwant

5   served the written notice of the sanction on plaintiff on June 28, 2019. *See* Dkt. 47, Decl. of

6   Kwant.

7
        The written sanction form states:

8       I ACCEPT THIS SANTION YES/NO      I REQUEST A HEARING YES/NO

9       In agreeing to his[sic] discipline, I understand I am waiving by right to a hearing
        on the charges brought against me in which I would have a right to be present and
10      heard, and to present evidence and witnesses.  I agree to this settlement
        voluntarily, and acknowledge that no threats of any kind have been made against
11      me in order to coerce this agreement.

12      Inmate signature _____DATE _____

13   *Id.*  Plaintiff circled "YES" that he accepts this sanction, "Yes" to I request a hearing, and signed

14   and dated the form notice. *Id.* Defendant contends because plaintiff circled "YES" to accepting

15   the sanction, no hearing was conducted. Defendant also contends although plaintiff filed 10

16   inmate requests and grievances between June 28, 2019 and June 30, 2019, he did not grieve the

17   48 hour sanction imposed in the above written sanction for the toilet clogged with milk cartons.

18   *Id.* at 2, Attachment B. Defendant also contends plaintiff filed 50 additional grievances between

19   July 1, 2018 and July 28, 2018 and none of the grievances mentioned a lack of a hearing for the

20   48 hour sanction he received on June 28, 2019. *Id.* Defendant argues plaintiff thus failed to

21   exhaust his administrative remedies regarding a lack of a disciplinary hearing because the Skagit

22   County Jail's inmate grievance policy requires inmates to file grievances within 14 days of the

23   complaint or issue, and plaintiff did not grieve the lack of a hearing within that time period. *Id.* at

     Attachment D.

     REPORT AND RECOMMENDATION
     REGARDNG DEFENDANT KWANT - 3

## SUMMARY JUDGEMENT STANDARDS

The Court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp*., 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson*, 477 U.S. at 248. In other

REPORT AND RECOMMENDATION
REGARDNG DEFENDANT KWANT - 4

1  words, summary judgment should be granted where the nonmoving party fails to offer evidence

2  from which a reasonable jury could return a verdict in its favor.

3  **DISCUSSION**

4          The Prison Litigation Reform Act of 1995 ("PLRA") provides: "No action shall be

5  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

6  a prisoner confined in any jail, prison, or other correctional facility until such administrative

7  remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is a prerequisite to

8  all prisoner lawsuits concerning prison life, whether such actions involve general conditions or

9  particular episodes, whether they allege excessive force or some other wrong, and even if they

10  seek relief not available in grievance proceedings, such as money damages. *Porter v. Nussle*, 534

11  U.S. 516, 524 (2002).

12          Inmates must not only fully exhaust available administrative remedies, but they also must

13  exhaust those remedies in a timely manner and must abide by the administrative rules governing

14  the internal grievance process. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). To effectively exhaust

15  his administrative remedies, an inmate must use all the formal steps of the prison grievance

16  process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of

17  exhaustion is to give prison administrators a chance to resolve the issues, the inmate must

18  exhaust each of his claims through grievances containing enough factual specificity to notify

19  officials of the alleged harm. *Id.* at 1120.

20          Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's

21  claim. *Albino v. Baca*, 737 F.3d 1162, 1170 (9th Cir. 2014). If the district judge holds the

22  prisoner has exhausted available administrative remedies, that administrative remedies are not

23

1     available, or that a prisoner's failure to exhaust available remedies should be excused, the case

2     may proceed to the merits. *Id*. at 1171.

3          In support of the motion for summary judgment, defendant filed a declaration and

4     exhibits containing records from the relevant period of plaintiff's confinement at the Skagit

5     County Jail. Dkt. 47 Storie Decl., Attachments A through E. Ms. Storie avers Skagit County Jail

6     has an inmate discipline policy that requires an inmate to file a grievance within 14 days of the

7     complaint or issue. *Id.* Attachment D (Policy 610.3). Ms. Storie further aver plaintiff filed 10

8     inmate requests or grievances between June 28, 2018 and June 30, 2018 and that none of the

9     grievances alleged he was denied a disciplinary hearing regarding the June 28, 2018 sanction he

10    received. *Id.* Attachments B-C. Finally, Ms. Storie avers plaintiff submitted a grievance

11    regarding his claim herein—the lack of a disciplinary hearing—on July 28, 2018. *Id.* Attachment

12    E.

13         Defendant contends, and the record supports the contention, plaintiff failed to properly

14    exhaust his administrative remedies regarding the lack of a disciplinary hearing for the June 28,

15    2018 sanction he received. "Proper" exhaustion of administrative remedies is a prerequisite to

16    proceeding in this case. Proper exhaustion means plaintiff was required to comply "with [the

17    prison's] deadlines and other critical procedural rules because no adjudicative system can

18    function effectively without imposing some orderly structure on the course of its proceedings."

19    *Woodford v. Ngo*, 548 U.S. at 90-91. Additionally the Court in *Jones v. Bock*, 549 U.S. 199, 218

20    (2007), clarified that, "[t]he level of detail necessary in a grievance to comply with the grievance

21    procedures will vary from system to system and claim to claim, but it is the prison's

22    requirements, and not the PLRA, that define the boundaries of proper exhaustion."

23

REPORT AND RECOMMENDATION
REGARDNG DEFENDANT KWANT - 6

1    "There is no question that exhaustion is mandatory under the PLRA and that unexhausted

2    claims cannot be brought in court." *Id*. at 211. The exhaustion requirement is based on the

3    important policy concern that prison officials should have "an opportunity to resolve disputes

4    concerning the exercise of their responsibilities before being haled into court." *Id*. at 204.

5    Defendant has clearly established the Skagit Jail has a grievance policy, plaintiff filed

6    numerous grievances between June 28 and June 30, 2018 but did not grieve the lack of a

7    disciplinary hearing alleged here, and that plaintiff first grieved the lack of a hearing on July 28,

8    2018. Defendant has thus established plaintiff failed to properly exhaust his administrative

9    remedies because he failed to timely grieve the lack of a disciplinary hearing.

10    Defendant has also established there are no ground to excuse plaintiff from properly

11    exhausting his administrative remedies. While plaintiff was sanctioned with a 48 hour lockdown

12    on June 28, 2018, he was still able to file grievances within 14 days and in fact did so. Plaintiff

13    thus could have timely exhausted his remedies but failed to do so. Plaintiff claims he filed

14    administrative grievances over the lack of a disciplinary hearing. Dkt. 18 at 2. But the evidence

15    shows the grievance he submitted over the lack of a hearing is untimely and thus plaintiff has not

16    shown he has properly exhausted his remedies as required to proceed further in this case.

17    Additionally, "summary judgment motion cannot be defeated by relying solely on

18    conclusory allegations unsupported by factual data[,]" *Taylor v. List*, 880 F.2d 1040, 1045 (9th

19    Cir. 1989); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001); *see*

20    *also Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007) ("Bald assertions that

21    genuine issues of material fact exist are insufficient."). Hence plaintiff's unsupported claim he

22    properly exhausted his administrative remedies is insufficient to defeat defendant's summary

23    judgment motion.

REPORT AND RECOMMENDATION
REGARDNG DEFENDANT KWANT - 7

In sum, § 1997e(a) requires plaintiff to properly exhaust his administrative remedies before raising a claim in a § 1983 complaint in federal court. Defendant has met his burden of showing plaintiff did not properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff presents no evidence to the contrary other than a conclusory statement which is insufficient.

Because plaintiff failed to properly exhaust his administrative remedies, and there is no applicable exception to the exhaustion requirement, dismissal without prejudice is appropriate. *See*, *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.2003), *overruled on other grounds in Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014) ("If a prisoner has failed to exhaust his administrative remedies, the appropriate remedy is dismissal without prejudice.").

## CONCLUSION

For the foregoing reasons, the Court recommends Defendant's motion for summary judgment (Dkt. 47) be **GRANTED** and plaintiff's claim against Defendant Kwant be **dismissed without prejudice**.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 28, 2020.** The Clerk should note the matter for **May 1, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

REPORT AND RECOMMENDATION
REGARDNG DEFENDANT KWANT - 8

then be ready for the Court's consideration on the date the response is due.  Objections and

responses shall not exceed seven (7) pages.  The failure to timely object may affect the right to

appeal.

DATED this 14th day of April, 2020.


_____

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
REGARDNG DEFENDANT KWANT - 9